UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    c/o United States Attorney's Office<br>    Judiciary Center Building<br>    555 Fourth St., N.W.<br>    Washington, DC  20530<br><br>                    Plaintiff,<br><br>        v.<br><br>$225,444.14 IN UNITED STATES CURRENCY,<br><br>                    Defendant. | Civil Action No. |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

### BACKGROUND

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully pleads as follows:

1. This is a civil forfeiture action, *in rem*, brought to enforce 31 U.S.C. § 5317(c)(2) which provides for the forfeiture of any property that is involved in a money structuring offense, as codified at 31 U.S.C. §§ 5324(a)(1) (Cause or Attempt to Cause Domestic Financial Institution to Fail to File a Currency Transaction Report and 5324(a)(3) (Structuring).

2. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355(a).

3. Jurisdiction over this matter is proper in the United States District Court for the District of Columbia pursuant to 28 U.S.C. §§ 1345 and 1555(a). Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1355(b)(1) and 1395(a).

4. The defendant is more fully described as:

>Two Hundred Twenty-five Thousand Four Hundred Forty-four dollars and Fourteen cents ($225,444.14) in United States currency seized from Industrial Bank Account No. 979481 on July 27, 2005 in the name of Stop and Shop Liquors.

5. The defendant property is presently in the custody of U.S. Customs and Border Protection, Department of Homeland Security.

## BASES FOR FORFEITURE

6. Agents with U.S. Immigration and Customs Enforcement, Department of Homeland Security obtained and reviewed records maintained by Industrial Bank, N.A., regarding a business account number 979481 opened on February 23, 1998 in the name of Stop and Shop Liquors (hereinafter "the S&S Account").

7. A review of the bank records for the S&S Account between the dates of December 1, 2004 and February 25, 2005, reveal that there were at least thirty-nine (39) separate cash deposits of exactly ten thousand dollars ($10,000) made on separate, but often consecutive days.

8. In addition to these thirty-nine cash deposits of $10,000 into the S&S Account, on December 24, 2004, *two **separate*** ten thousand dollar ($10,000) cash deposits were made into the S&S Account at different times and at two different locations.

9. Similarly, on December 31, 2004, *two **separate*** ten thousand dollar ($10,000) cash deposits were made to the S&S Account at different times and at two different locations.

10. Moreover, on the consecutive days of February 2nd, 3rd, and 4th, 2005, separate cash deposits were made to the S&S Account totaling $15,170.00.

11. On February 7, 2005, a deposit was made into the S&S Account in the total

amount of $16,511.83.  This deposit consisted of $10,000 in cash, together with a series of Money Orders totaling $4,200, with the balance of the deposit consisting of personal checks.  On information and belief, the referenced Money Orders deposited bear the initials of the putative owner, Franklin A. Glascon.

      12.      Between December 1, 2004 and February 25, 2005, the total amount of cash deposits for/to the S&S Account was $445,170.

      13.      On or about July 27, 2005, the defendant funds were seized from the S&S Account at the Industrial Bank, NA at 4812 Georgia Avenue, NW, Washington, DC, pursuant to the execution of a federal seizure warrant issued in the District of Columbia.

      14.      Subsequent to the seizure of these funds, Franklin A. Glascon ("Mr. Glascon"), a putative owner of Stop & Shop Liquors, was interviewed by law enforcement personnel.  During this interview, among other things, Mr. Glascon stated that he made cash deposits of $10,000 to the S&S Account on most business days.  Mr. Glascon advised that he intentionally kept the cash deposits into the S&S Account at or beneath $10,000 so as to avoid the reporting requirements.  Mr. Glascon reported that, when he wanted to convert cash in excess of $10,000 into the deposit in the S&S Account on a particular day, he would occasionally purchase *with cash* Money Orders from third-party establishments, and would then deposit into the S&S Account $10,000 in cash together with the newly-purchased Money Orders.  On numerous occasions, Mr. Glascon stated, he would travel to multiple third-party establishments to purchase these Money Orders, buying perhaps $500-$1000 worth of Money Orders per store.  Mr. Glascon acknowledged that he use this method to avoid the reporting requirements associated with a deposit of more than $10,000 in cash.

      15.      Following the July 27, 2005 seizure described above, law enforcement personnel

3

interviewed Ms. Gail Renee Glascon ("Mrs. Glascon"), the registered owner of Stop & Shop Liquor and the wife of Mr. Franklin A. Glascon. At that time, among other things, Mrs. Glascon stated that Mr. Glascon was the operator of Stop & Shop Liquors, that Mrs. Glascon did not have much of an understanding of the actual day-to-day operations of the business, and that the business was listed in her name, and not in Mr. Glascon's name, because Mr. Glascon is a convicted felon. Mrs. Glascon reported that she had personally made deposits into the S&S Account. With regard to the deposits that she made into the S&S Account, Mrs. Glascon advised that she was instructed by Mr. Glascon never to deposit more than $10,000 in cash at any one time. Mrs. Glascon indicated she was aware Mr. Glascon would, at times, purchase Money Orders for deposit into the S&S Account in order to keep the cash deposit from exceeding the $10,000 cash reporting threshold.

16. On November 15, 2005, Mr. Franklin A. Glascon, allegedly a co-owner of Stop and Shop Liquors located 3011 Rhode Island Avenue, N.E., Washington, DC, filed an administrative claim of ownership for the defendant funds with Customs and Border Protection.

<u>COUNT I</u>

17. The allegations contained in paragraph numbers 1 through 16 are re-alleged and incorporated by reference.

18. The defendant funds constitute property involved in a transaction or attempted transaction in violation 31 U.S.C. § 5324, and/or are property traceable to such property.

19.     As such, there is reason to believe that the funds are liable to condemnation and forfeiture to the United States for its use, in accordance with the provision of 31 U.S.C. § 5317(c)(2).

WHEREFORE, the Plaintiff prays that, as to the funds that process of warrant issue for arrest of those funds; that due notice be provided to all interested parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that the defendant funds be forfeited to the United States of America for disposition according to law; and that the United States be granted such other relief as this Court may deem just and proper, together with costs and disbursements of this action.

    Respectfully submitted,

_____
KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
DC Bar No. 451058


_____
WILLIAM R. COWDEN
Assistant United States Attorney
DC Bar No. 426301


_____
JUDITH A. KIDWELL
Assistant  United States Attorney
DC Bar No.
555 4th St., N.W., Room 4818
Washington, D.C. 20530
202-514-7250

## **VERIFICATION**

I, John Doyle, Special Agent for Immigration and Customs Enforcement, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing Complaint for Forfeiture *In Rem* is based upon reports and information known to me or furnished to me by law enforcement agents and that everything contained therein is true and correct to the best of my knowledge and belief.

Executed on this _____ day of February, 2006.


_____
JOHN DOYLE
Special Agent
Immigration and Custom Enforcement
Department of Homeland Security