**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>$225,444.14 IN UNITED STATES )<br>CURRENCY, )<br>)<br>Defendant. )<br>)<br>FRANKLIN A. GLASCON, )<br>)<br>Claimant. )<br>_____) | Case No. 1:06CV00212<br>Judge James Robertson |

**ANSWER TO COMPLAINT FOR FORFEITURE IN REM**

Claimant, Franklin A. Glascon, by and through the undersigned counsel, hereby sets forth answers to the Complaint for Forfeiture in Rem.

**BACKGROUND**

1. This paragraph contains conclusions of law that require no answer.

2. This paragraph contains conclusions of law that require no answer.

3. This paragraph contains conclusions of law that require no answer.

4. Admit.

5. Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

**BASES FOR FORFEITURE**

6. Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. Admit.

8. Denied as framed in the Complaint.

9. Denied as framed in the Complaint.

10. Admit.

11. Denied as framed in the Complaint.

12. Admit.

13. Admit.

14. Denied as framed in the Complaint.

15. Denied as framed in the Complaint.

16. Admit.

## COUNT I

17. Claimant repeats, reiterates and adopts the foregoing admissions and denials contained in paragraphs 1 through 16, *supra*.

18. This paragraph contains conclusions of law that require no answer.

19. This paragraph contains conclusions of law that require no answer.

## AFFIRMATIVE DEFENSES

Claimant further avers the following affirmative defenses.

## FIRST DEFENSE: INNOCENT OWNER

1. Claimant did not know of the conduct giving rise to forfeiture. Claimant knew only that he was depositing amounts of cash that would allow him to avoid

spending more time at the bank. He did not know that the manner in which he deposited the cash constituted "conduct giving rise to forfeiture."

2. Claimant, upon learning that such conduct gave rise to forfeiture, did all that he reasonably could be expected to do under the circumstances to terminate such conduct. Claimant has since begun to deposit cash in amounts greater than $10,000 and has abided by the requisite reporting requirements.

### SECOND DEFENSE: EIGHTH AMENDMENT PROHIBITION AGAINST EXCESSIVE PUNISHMENT/FINES

3. The Eighth Amendment of the Constitution of the United States states that "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. Const. Amdt. 8.

4. The forfeiture of Two Hundred Twenty Five Thousand Four Hundred Forty Four Dollars and Fourteen Cents ($ 225,444.14) would be grossly disproportionate to the gravity of the offense.

WHEREFORE, in light of the above defenses and the stated denials, the Claimant, Franklin A. Glascon, respectfully prays that the Judge dismiss the Complaint herein and order the return of the seized currency and for such other and further relief as this Court may deem just.

### DEMAND FOR JURY TRIAL

Claimant demands a trial by jury on all issues triable in the case captioned above.

        Respectfully submitted,
        LAW OFFICE OF MARK A. SMITH, LLC


        /s/
        _____

        Mark A. Smith (Bar #: 439116)
        Law Office of Mark A. Smith, LLC
        1785 Massachusetts Avenue, N.W.
        Suite 100
        Washington, D.C. 20036
        (202) 776-0022
        marksmith@masmithlaw.com
        Attorney for Claimant

Dated: March 27, 2006