**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:06CV00212 |
| v. | ) | Judge James Robertson |
| | ) | |
| $225,444.14 IN UNITED STATES CURRENCY, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| G. RENEE GLASCON, | ) | |
| | ) | |
| Claimant. | ) | |
| _____ | ) | |

**ANSWER TO COMPLAINT FOR FORFEITURE IN REM**

Claimant, G. Renee Glascon, by and through the undersigned counsel, hereby sets forth

answers to the Complaint for Forfeiture in Rem.

**BACKGROUND**

1.      This paragraph contains conclusions of law that require no answer.

2.      This paragraph contains conclusions of law that require no answer.

3.      This paragraph contains conclusions of law that require no answer.

4.      Admit.

5.      Claimant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 5.

**BASES FOR FORFEITURE**

6.      Claimant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 6.

7.    Admit.

8.    Denied as framed in the Complaint.

9.    Denied as framed in the Complaint.

10.    Admit.

11.    Denied as framed in the Complaint.

12.    Admit.

13.    Admit.

14.    Denied as framed in the Complaint.

15.    Denied as framed in the Complaint.

16.    Admit.

## COUNT I

17.    Claimant repeats, reiterates and adopts the foregoing admissions and denials

contained in paragraphs 1through 16, *supra*.

18.    This paragraph contains conclusions of law that require no answer.

19.    This paragraph contains conclusions of law that require no answer.

## AFFIRMATIVE DEFENSES

Claimant further avers the following affirmative defenses.

## FIRST DEFENSE: INNOCENT OWNER

1.    Claimant did not know of the conduct giving rise to forfeiture.  Claimant co-owns

Stop and Shop Liquors with her husband, Franklin A. Glascon, but works for the United States

Government during the day and delegates management of the shop to her husband.  Claimant

does not know when Mr. Glascon makes deposits or in what amounts; she was therefore wholly unaware of the patterns of Mr. Glascon's deposits.  More importantly, she did not know, and had no reason even to consider, that the manner in which he deposited the cash constituted "conduct giving rise to forfeiture."

## SECOND DEFENSE: EIGHTH AMENDMENT PROHIBITION AGAINST EXCESSIVE PUNISHMENT/FINES

2.     The Eighth Amendment of the Constitution of the United States states that "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. Const. Amdt. 8.

3.     The forfeiture of Two Hundred Twenty Five Thousand Four Hundred Forty Four Dollars and Fourteen Cents ($ 225,444.14) would be grossly disproportionate to the gravity of the offense.

WHEREFORE, in light of the above defenses and the stated denials, the Claimant, G. Renee Glascon, respectfully prays that the Judge dismiss the Complaint herein and order the return of the seized currency and for such other and further relief as this Court may deem just.

## DEMAND FOR JURY TRIAL

Claimant demands a trial by jury on all issues triable in the case captioned above.

Respectfully submitted,
LAW OFFICE OF MARK A. SMITH, LLC

3

/s/

_____

Mark A. Smith (Bar #: 439116)
Law Office of Mark A. Smith, LLC
1785 Massachusetts Avenue, N.W.
Suite 100
Washington, D.C. 20036
(202) 776-0022
marksmith@masmithlaw.com
Attorney for Claimant

Dated: March 27, 2006

4