## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Case No. 1:06CV00212** |
| v. | ) | **Judge James Robertson** |
| | ) | |
| $225,444.14 IN UNITED STATES CURRENCY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| FRANKLIN A. GLASCON, | ) | |
| | ) | |
| Claimant. | ) | |
| | ) | |

## REPORT ON STATUS OF CRIMINAL INVESTIGATION

On January 5, 2007, this Honorable Court issued an Order requiring Claimant, Franklin Glascon, to file a report within 45 days of the date of that order. The filing that this Court ordered required Claimant to report on the status of the criminal investigation referenced in his motion to stay. Although, yesterday, Monday, February 19, 2007, was in fact the 45th day since the Court's order, it was a legal holiday. Pursuant to Rule 6 of the Federal Rules of Civil Procedure number 6, "[i]n computing any period of time prescribed or allowed by . . . order of court . . .[t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or

a legal holiday . . . ." Accordingly, February 20, 2007, is within the period designated by the Court in its Order, and this report is timely filed.

### Background

1.    Claimant is the manager of an establishment called Stop and Shop Liquors, which he jointly owns with his wife.

2.    On or about July 27, 2005, a federal seizure warrant was issued for funds held in an Industrial Bank account in the name of Stop and Shop Liquors, up to and including $445,170. Subsequently, $225,444.14 was seized from that account.

3.    In August 2005, Claimant was informed by Assistant United States Attorney Bruce Hegyi that he was being investigated for criminal charges of Structuring Money Transactions.

4.    On or about January 20, 2006, claimant voluntarily went into the office of the United States Attorney for the District of Columbia for an "off the record" interview.

5.    On February 7, 2006, the United States Attorney's Office filed a Verified Complaint for Forfeiture in Rem against the seized amount of $225,444.14.

6.    On March 6, 2006, Claimant filed a Verified Statement of Interest claiming joint ownership of the currency seized in this case.

7.    On March 27, 2006, Claimant filed an answer to the Government's Verified Complaint.

8.    On April 10, 2006, Claimant filed a "Motion to Stay Proceedings until Resolution of the Related Criminal Investigations," which this Court granted.

2

9.      On October 27, 2006, on information and belief, this court issued an Order calling for a status report.  Neither Claimant, nor counsel for Claimant, received that document from this Court.

10.     On December 11, 2006, on information and belief, this court issued a Show Cause Order to the Government.  Neither Claimant, nor counsel for Claimant, received that document from this Court.

11.     On December 19, 2006, William Cowden, the AUSA who replaced Judith. Kidwell as the Government's Attorney handling the civil forfeiture case contacted me for the first time regarding the Show Cause Order, but counsel for Claimant was on his way out of town in association with the Christmas Holiday.  We agreed that the case had been around too long.  Although counsel believed, and still does believe that the case should be dismissed for want of prosecution, Mr. Cowden and Counsel for Claimant agreed that if the case was not dismissed, then, in January of 2007, we would discuss resolution of the case.

12.     On January 5, 2005, this Court issued an order requiring Claimant, of all persons, to submit a report "on the status of the criminal investigation referenced in his motion to stay."

### Claimant's Report

13.     With all due respect and deference to this Honorable Court, it would seem that the United States Attorney's Office would be the party best situated to report on the status of a criminal investigation under its auspices, that it is conducting, and over which it, presumably, has full control.  Nonetheless, in proper deference to the authority of this Court, Counsel for Claimant took the limited steps available to

him to determine the status of the criminal investigation referenced in Claimant's

motion to stay.

14.    Counsel for Claimant inquired with Bill Cowden, the AUSA who

since December of 2006 has been handling the civil forfeiture, and with his colleague

Bruce Hegyi, the AUSA that has been handling the criminal investigation before and

since July 27, 2005, when the funds at issue in this case were seized.  When Counsel

for Claimant conversed with Mr. Hegyi regarding this matter in 2005, Mr. Hegyi was

concerned that Claimant might have been involved in terroristic activity or the

laundering of drug money.  In January of 2006, after the "off the record" interview at

the Office of the United States Attorney for the District of Columbia, Hegyi had

inconclusively backed off concerns about terrorism and illegal drugs.  His new

concern was possible tax evasion issues.  Counsel for the Claimant also contacted and

spoke with Mr. Hegyi in the period since the "off the record" interview and this

Court's order of January 5 2007, but no progress had been made.[1]

15.    Since this Court's order requiring Claimant to ascertain the status of

United States Attorney's Office criminal investigation, Claimant has again spoken at

length with Mr. Hegyi.  Mr. Hegyi now unequivocally states that he is not concerned

that Claimant is involved with either terrorism or illegal drugs.  The only colorable

grounds for the forfeiture proceeding is a formalistic "structuring" analysis.  There is

no real contention that the seized money is actually the proceeds of illegal activity.  It

is money that Claimant lawfully and dutifully earned by the sweat of his brow.  Now

Mr. Hegyi suspects that there may be questionable tax dealings, but after almost two

---

[1]    This means that, according to facts set out in the Government's "Application in Support of Application for Seizure Warrant," the criminal investigation of Claimant has effectively been going on since December 1, 2004.  See "Application in Support of Application for Seizure Warrant" at page 3.

years he has failed to construct a scenario that could reliably meet the probable cause

standard to support such a suspicion.  This is an abuse of the system and a gross

invasion on the rights of an American citizen.  The government is making a mockery

of the presumption of innocence, as Claimant is clearly being punished by being

deprived this long of such a large amount of money, crucial to the operation of his

small business.  The civil case against Claimant's money should be dismissed,

because the Government has had more than sufficient time to advance a criminal case

against claimant.  If this Court dismisses the civil matter, the Government remains

free to pursue Claimant criminally if such a case can be credibly constructed.  There

is no paucity of criminals in the jurisdiction, there is no need for the Government

assiduously to manufacture them out of hardworking citizens.


Respectfully submitted,
LAW OFFICE OF MARK A. SMITH,
LLC


/s/

_____
Mark A. Smith (Bar #: 439116)
Law Office of Mark A. Smith, LLC
1785 Massachusetts Avenue, N.W.
Suite 100
Washington, D.C. 20036
(202) 776-0022
marksmith@masmithlaw.com
          Attorney for Claimant

Dated: February 20, 2007