# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 06-0212 (JR)** |
| | ) | **ECF** |
| **v.** | ) | |
| | ) | |
| **$225,444.14 IN UNITED STATES CURRENCY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| ———————————————— | ) | |
| | ) | |
| **FRANKLIN A. GLASCON &** | ) | |
| **G. RENEE GLASCON,** | ) | |
| | ) | |
| **Claimants.** | ) | |
| ———————————————— | ) | |

## PLAINTIFF'S MOTION TO CONVENE STATUS HEARING TO CONSIDER EXISTING STAY OF PROCEEDINGS

*COMES NOW*, plaintiff United States of America, by and through its attorney, the United States Attorney for the District of Columbia, to move this Court to convene a status hearing to consider the existing stay of proceedings, which this Court entered in April 2006. In furtherance whereof, plaintiff respectfully submits as follows:

## BACKGROUND

1.      On July 27, 2005, the defendant funds were seized from a bank account in Washington, D.C., in execution of a warrant issuing from this Court. The funds were on account at a branch of the Industrial Bank, NA, held for a business known as Stop and Shop Liquors. Claimants G. Renee Glascon and Franklin A. Glascon, who are husband and wife, own and operate Stop and Shop Liquors, which is located in the 3000 block of Rhode Island Avenue, N.E., Washington, D.C.

2.      Thereafter, on February 7, 2006, plaintiff United States brought this civil action *in rem*

for forfeiture of the defendant funds, alleging that they were property involved in violations of Title 31, Sections 5324(a)(1) (attempting to cause or causing financial institution to fail to file required report) and 5324(a)(3) (structuring financial transactions to evade reporting requirements). Such a civil forfeiture action is authorized by 31 U.S.C. § 5317(c)(2). On March 7, 2006, claimants each filed a Statement of Interest in the funds, and both further filed on March 27, 2006, separate answers to plaintiff's forfeiture complaint. Mr. Mark A. Smith, Esq., is counsel for both claimants.

3.     Two weeks later, on April 10, 2006, claimant Franklin A. Glascon filed "Motion to Stay Civil Forfeiture Proceeding until Resolution of Related Criminal Investigation." Such a motion is authorized under 18 U.S.C. § 981(g)(2). The Court granted this motion two days later.

4.     In October 2006, this Court directed the parties to submit a status report, and plaintiff filed one on December 22, 2006. That pleading stated that claimants' counsel favored both dismissing this civil action for want of prosecution and maintaining the stay of proceedings in this action. Plaintiff stated that it opposed dismissing this civil action for want of prosecution and that it did not oppose lifting the stay so that the action could be prosecuted. On January 5, 2007, the Court directed claimant Franklin A. Glascon to file a further status report, which occurred February 5, 2007. This order did not disturb the stay.

5.     In a Report On Status Of Criminal Investigation, claimant Franklin A. Glascon observed that this forfeiture action against his money should be dismissed. Claimant did not directly state a position on the existing stay, which had been entered on claimant's motion. Neither claimant ever has filed a motion, with points and authorities, asking that this action be dismissed.

6.     On February 28, 2007, this Court filed a Memorandum Order, stating that it would dismiss this action "if no criminal prosecution related to the currency at issue in this case had been

commenced" within 90 days, which would be about Tuesday, May 29, 2007, the day after the Decoration Day holiday.  This order did not disturb the earlier stay, which remains in effect.

7.    In consequence, plaintiff asks this Court to convene a status hearing to consider the existing stay.  As plaintiff previously has stated, it does not object to lifting the stay, which claimant Franklin A. Glascon first sought, apparently continues to favor, but which prevents plaintiff from prosecuting this action.  Plaintiff observes that there is a sufficient and independent basis for a civil action to forfeit the defendant funds, pursuant to 31 U.S.C. § 5317(c)(2), because of their involvement in violations of 31 U.S.C. § 5324(a).  This forfeiture statute, § 5317, was the authority for plaintiff's original complaint.  This authority exists regardless of any criminal proceeding against an individual for his or her violation of 31 U.S.C. § 5324(a), or for committing some other criminal offense.

8.    A proposed order granting this motion is attached.  Based on contact with claimants' counsel, Mr. Mark Smith, Esq., plaintiff understands that claimants oppose this motion, and their

counsel may be expected to file a written opposition.

**WHEREFORE**, plaintiff prays this Honorable Court to grant its motion and to convene a status

hearing to consider the existing stay of proceedings in this action.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
DC Bar No. 498610

     /s/
_____
WILLIAM R. COWDEN, DC Bar No. 426301
BARRY WIEGAND, DC Bar No. 424288
Assistant United States Attorneys
555 4th Street, N.W.
Washington, DC 20530
William.B.Wiegand@USDoJ.Gov
(202) 307-0299
(202) 514-8707 (fax)

## **CERTIFICATE OF SERVICE**

     I certify that I caused the foregoing Notice to be served upon counsel of record for claimant via the Court's ECF system, on this <u>12th</u> day of April 2007.

     /s/
_____
BARRY WIEGAND

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 06-0212 (JR)** |
| | ) | **ECF** |
| **v.** | ) | |
| | ) | |
| **$225,444.14 IN UNITED STATES** | ) | |
| **CURRENCY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |
| | ) | |
| **FRANKLIN A. GLASCON &** | ) | |
| **G. RENEE GLASCON,** | ) | |
| | ) | |
| **Claimants.** | ) | |
| _____ | ) | |

## ORDER

This matter came before the Court on plaintiff's Plaintiff's Motion To Convene Status Hearing To Consider Existing Stay Of Proceedings.  Upon consideration of that motion and the entire record herein, it is by the Court this _____ day of April 2007

ORDERED, that plaintiff's motion be, and the same hereby is, GRANTED; and it is further

ORDERED, that a status hearing in this matter is set for April ___, 2007, at _____ a.m./p.m.

_____
JAMES ROBERTSON
UNITED STATES DISTRICT JUDGE

cc:   William R. Cowden and Barry Wiegand          Mr. Mark A. Smith, Esq.
      Assistant U.S. Attorneys                     Claimants' Counsel
      Asset Forfeiture Section, 4th Floor          Law Office of Mark A. Smith LLC
      555 Fourth Street, N.W.                      1785 Massachusetts Avenue, N.W. #100
      Washington, D.C. 20001                       Washington, D.C. 20036
      (202) 307-0299                               (202) 776-0022
      William.B.Wiegand@USDoJ.Gov                  MarkSmith@MASmithLaw.com