IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:06CV00212 |
| v. ) | Judge James Robertson |
| ) | |
| $225,444.14 IN UNITED STATES ) | |
| CURRENCY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| FRANKLIN A. GLASCON, ) | |
| ) | |
| Claimant. ) | |
| _____) | |

**CLAIMANTS' OPPOSITION TO THE GOVERNMENT'S
MOTION TO CONVENE A STATUS HEARING**

Claimants, Franklin A. Glascon and Renee Glascon, by and through undersigned counsel, hereby state their opposition to the Government's Motion to Convene a Status Hearing. In furtherance of this opposition, Claimants set forth the following.

**Statement of Opposition**

1. There is no need further to recite the events that led to the filing of this opposition to the Government's motion to convene a status hearing. It is enough to observe that on February 28, 2007, after generously affording the Government more than an entire year to act (the Government initially filed its Complaint against the funds on February 7, 2006), this Court issued a Memorandum Order in which it stated unequivocally that "if no criminal prosecution related to the currency at issue in this

case has been commenced within 90 days of the date of this order [February 28, 2007], this forfeiture proceeding will be dismissed [and] the funds ordered returned to the account from which they were seized."

2. In July of 2005, the Government seized nearly a quarter million dollars of funds, the entire contents of the operating account of Claimants' small business. Before this Court's recent order imposing on the Government a clear, binary ultimatum, the Government has displayed, characterized conservatively, a disregard for private property rights and an unbecoming lack of initiative to bring this matter to just resolution.

3. Now, instead of accepting the reasonable terms of this Court's order, the Government has, through its motion, essentially defied the Court, treated the "Order" as a "Proposal," and advanced a counter-proposal to do something other than what this Court has responsibly and authoritatively concluded is now the proper course of action under the circumstances of this case.

4. The Government's motion—in Jedi-mindtrick fashion—at once disregards the point of this Court's well-considered order while audaciously attempting to induce this Court to submit to the Government's alternative agenda. This is plainly in contradiction to the terms of this Court's order.

5. Claimants' opposition to the Government's motion is, at least in part, a plea for this Court to ratify the authoritative integrity of its own judicial pronouncements and not to allow agents of the executive branch to function simultaneously as party and arbiter in this matter.

6.      This Court's order of February 28, 2007, has, for the first time, clearly and definitely illuminated the status of this matter, something the Government has neglected to do for more than a year. There is simply no need, or good reason, to schedule a "status hearing" in this matter. This Court's order rendered a status hearing superfluous and wasteful.

WHEREFORE, in light of the foregoing and in fidelity to this Court's own declarations, Claimants respectfully pray that the Court deny the Government's motion to convene a status hearing.

Respectfully submitted,
LAW OFFICE OF MARK A. SMITH, LLC

/s/
_____
Mark A. Smith (Bar #: 439116)
Law Office of Mark A. Smith, LLC
1785 Massachusetts Avenue, N.W.
Suite 100
Washington, D.C. 20036
(202) 776-0022
marksmith@masmithlaw.com
Attorney for Claimants

Dated: April 16, 2007